IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERALD RANDALL,

    Plaintiff,                      No. 2:10-cv-0052 JFM (PC)

  vs.

T. KIMURA, et al.,                  ORDER AND

    Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on claims raised against three defendants in plaintiff's first amended complaint, filed June 8, 2010; it is presently before the court on the motion of one of those defendants for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

                        STANDARDS FOR A MOTION TO DISMISS

        Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, <u>Erickson v. Pardus</u>, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint

1

1 must contain more than "a formulaic recitation of the elements of a cause of action;" it must
2 contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell</u>
3 <u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not
4 necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . .
5 claim is and the grounds upon which it rests."'"  <u>Erickson</u>, 551 U.S. 89, 127 S.Ct. at 2200
6 (quoting <u>Bell Atlantic</u> at 554, in turn quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).

ANALYSIS

I. <u>Allegations of the First Amended Complaint</u>

Plaintiff's first amended complaint contains the following allegations against defendant Wrigley:

> In the middle of 2008 I complained to medical staff about my high blood pressure, asthma, and overall physical health being negatively affected by a lack of exercise.  I was consistantly [sic] denied by right to exercise by High Desert State Prison employees.  I asked Nurse Practitioner Wrigley to prescribe me exercise to help combat my health problems.  Wrigley admitted that lack of exercise could contribute and make my existing health problems worse.  She also admitted that exercise would improve my health but Wrigley refused to prescribe exercise because it would go against illegal lockdown policies put in place by High Desert State Prison.  The lockdown was abusive in nature and Wrigley is obligated to report abuse.  Instead, Wrigley sided with prison officials and neglected the plaintiffs [sic] medical needs and rights established by the federal courts.

First Amended Complaint, filed June 8, 2010, at 3-4.

II. <u>Defendant Wrigley's Motion</u>

Defendant Wrigley makes two arguments in support of dismissal.  First, she contends that liability in this action cannot be based on her role in responding to the grievance plaintiff filed complaining about the lack of outdoor exercise because inmates do not have a constitutional right to a prison grievance procedure and the existence of administrative remedies does not create any substantive rights.  Second, defendant Wrigley contends that plaintiff's

/////

allegations are insufficient to state a claim that she acted with deliberate indifference to his serious medical needs. Neither contention has merit.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Defendant is correct that prison inmates possess no due process right to a specific prison grievance procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). That principle, however, is inapplicable to the matter at bar. Defendant also cites a number of cases, primarily from the United States Court of Appeals for the Seventh Circuit, for the proposition that liability cannot be imposed on a prison official solely based on the act of reviewing and denying a prison grievance. That proposition is readily distinguishable from the claim at bar.

Here, plaintiff's claim is that defendant Wrigley violated his rights under the Eighth Amendment by refusing to prescribe him outdoor exercise, which he alleges was medically necessary for several medical conditions from which he suffers. Whether defendant Wrigley participated in the alleged Eighth Amendment violation through denying a prison grievance by which plaintiff was seeking outdoor exercise or by refusing to prescribe outdoor exercise during a medical visit is immaterial: the point is that plaintiff's claim against defendant

Wrigley is that she violated his rights under the Eighth Amendment by failing to prescribe outdoor exercise for him. That claim is cognizable in this § 1983 action.

Defendant Wrigley also contends that plaintiff's allegations are insufficient to state a cognizable Eighth Amendment claim because (1) the allegations show that the prison was on lockdown and prison officials may limit outdoor exercise temporarily during a lockdown without violating the Eighth Amendment; and (2) defendant Wrigley told plaintiff that he could exercise in his cell and that would be adequate for his health. Defendant reads the allegations of the first amended complaint too narrowly.

Prison inmates have a constitutional right to outdoor exercise. See, e.g., Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010) (and cases cited therein). While a temporary denial of outdoor exercise during an emergency lockdown period does not violate the Eighth Amendment, see Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir. 1980), here plaintiff alleges that the lockdown which was the asserted reason for the denial of outdoor exercise was "illegal" and "abusive". Viewing the allegations of the first amended complaint in the light most favorable to plaintiff, his claim is that defendant Wrigley violated his rights under the Eighth Amendment by denying his request for medically necessary outdoor exercise based on a prison lockdown that was both illegal and abusive. These allegations are sufficient to state a cognizable claim for relief under the Eighth Amendment.

For the foregoing reasons, defendant's motion to dismiss should be denied.

Accordingly IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign this action to a United States District Judge; and

IT IS HEREBY RECOMMENDED that:

1. Defendant Wrigley's February 14, 2011 motion to dismiss be denied; and

2. Defendant Wrigley be directed to answer the first amended complaint within ten days from the date of any order by the district court adopting these findings and recommendations.

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
6  objections shall be filed and served within fourteen days after service of the objections.  The
7  parties are advised that failure to file objections within the specified time may waive the right to
8  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: June 6, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
rand0052.mtd1