IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERALD RANDALL,

        Plaintiff,                  No. 2:10-cv-0052 JAM JFM (PC)

   vs.

T. KIMURA, et al.,

        Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff claims that his rights under the Eighth Amendment were violated during a period of incarceration at High Desert State Prison (High Desert) as a result of deliberate indifference to his serious medical needs. On July 1, 2011, plaintiff filed a motion for preliminary injunction, seeking a court order requiring diagnostic tests and referral to an outside specialist for the medical conditions described in his first amended complaint. Defendants opposed the motion on the ground that plaintiff has transferred from High Desert to California State Prison-Corcoran and, therefore, that his claim for injunctive relief against the

/////

/////

/////

1

two defendants who have appeared in this action to date, both of whom are employed at High Desert, is moot.[1]  By order filed July 29, 2011, defendants were directed to file a complete copy of plaintiff's medical records.  Defendants have complied with that order.

The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

In his motion for preliminary injunction, plaintiff alleges generally that since before July 2008 he has "complained about an irregular heartbeat, tingling and itching in his lower body and irregular growth of fingernails and to nails" and that "[t]he prison medical department refuses to run diagnostic tests or have a specialist look at the medical abnormalities."  Motion for Preliminary Injunction, filed July 1, 2011, at 1.  Plaintiff's medical records reflect complaints about his toe nails, itchy skin, and fingernails in 2008.  See Medical Records filed August 8, 2011 at 61, 70, 74.  The records also reflect that plaintiff has been followed since at least 2008 for asthma and hypertension.  See, e.g., Medical Records at 13-40, 72.  In 2009, plaintiff was treated with clotrimazole for a fungal infection.  Id. at 54.  A report from a follow-up medical visit in September 2009 shows that examination revealed a heart murmur and that plaintiff was referred for an echocardiogram, which was completed on November 12, 2009.  Id.

---

[1] The court has separately recommended dismissal of a third defendant, T. Kimura, due to plaintiff's failure to return forms necessary for service of process.

1  at 34, 36.  None of plaintiff's medical records from 2011 substantiate his general allegation that
2  he has requested and denied further necessary diagnostic procedures for these complaints, and
3  plaintiff has presented no evidence to suggest that he is currently threatened with irreparable
4  harm from any of these medical conditions.

5        Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's July 1, 2011
6  motion for preliminary injunction be denied.

7        These findings and recommendations are submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
9  days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
12 objections shall be filed and served within fourteen days after service of the objections.  The
13 parties are advised that failure to file objections within the specified time may waive the right to
14 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
15 DATED:  October 4, 2011.

                      UNITED STATES MAGISTRATE JUDGE

12
rand0052.pi