IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERALD RANDALL,

        Plaintiff,                         No. 2:10-cv-0052 JAM JFM (PC)

   vs.

T. KIMURA, et al.,                      <u>ORDER AND</u>

        Defendants.                    <u>FINDINGS & RECOMMENDATIONS</u>

                                /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on claims raised against two defendants in plaintiff's first amended complaint, filed June 8, 2010.[1] It is presently before the court on the motion of defendant Swingle for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff opposes the motion.

                            STANDARDS FOR A MOTION TO DISMISS

        Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

---

[1] Defendant Wrigley's motion to dismiss was denied by order filed August 10, 2011, and defendant Wrigley answered the complaint on August 19, 2011. Defendant Kimura was dismissed from the action without prejudice by order filed November 22, 2011.

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

ANALYSIS

I. Allegations of the First Amended Complaint

      Plaintiff's first amended complaint contains the following allegations against defendant Swingle:

> In the middle of 2008 I complained to medical staff about my high blood pressure, asthma, and overall physical health being negatively affected by a lack of exercise. I was consistantly [sic] denied by right to exercise by High Desert State Prison employees. I asked Nurse Practitioner Wrigley to prescribe me exercise to help combat my health problems. Wrigley admitted that lack of exercise could contribute and make my existing health problems worse. She also admitted that exercise would improve my health but Wrigley refused to prescribe exercise because it would go against illegal lockdown policies put in place by High Desert State Prison. The lockdown was abusive in nature and Wrigley is obligated to report abuse. Instead, Wrigley sided with prison officials and neglected the plaintiffs [sic] medical needs and rights established by the federal courts. It will be proven fact that lack of exercise in patients with high blood pressure and asthma can increase the possibilities of a stroke or asthma attack.
>
> I was then taken to the prison clinic to have my heart rate evaluated. Medical personel [sic] informed the plaintiff that my heart rate measured "30" and that was "highly unusual and abnormal." The results clearly indicated that something was wrong. Still I was never scene [sic] by a specialist or given another test. This clearly put my life at risk.

> On 6-22-08 I complained about a tingling sensation in my foot and abnormal growth of my toenails. My toe nails had and still have deep ridges and lumps. Medical personel [sic] informed me that they didn't know what caused it. Yet and still I was never scene by a specialist and the problem has spread to my other foot. Clearly the medical department failed to react and my health has continued to deteriorate as a result.
>
> On 7-10-08 I was jogging on the recreation yard after being denied outdoor exercise for over 90 days. My legs started to itch, sting, and tingle. The next day my legs were extremly [sic] sore I also was short of breath and had a headache as a result of being denied exercise. I was called to the clinic as a result. Medical once again claim that they "didn't know" what was causing the pain, itching, stinging, headache, or shortness of breath nor did medical order further test to determine the cause. This was done to protect the abusers (prison staff) from having the physical results of abuse revealed.
>
> . . . .
>
> Defendant[] . . . D. Swingle [was] . . . made aware of my medical problems through the use of the medical grievance process and . . . could have and should have ordered the medical department to do what the medical rules and the federal courts require them to do. Instead all of the defendants failed to act and the plaintiff continues to suffer as a result of their failure to act.

First Amended Complaint, filed June 8, 2010, at 3-5. A copy of a grievance plaintiff filed concerning inadequate medical care and defendant Swingle's response to the grievance are attached as exhibits to the first amended complaint. See Ex. A to First Amended Complaint.

II. <u>Defendant Swingle's Motion</u>

Defendant Swingle makes two arguments in support of dismissal. First, she contends that liability in this action cannot be based on her role in responding to the grievance plaintiff filed because inmates do not have a constitutional right to a prison grievance procedure and the existence of administrative remedies does not create any substantive rights. Second, defendant Swingle contends that plaintiff's allegations are insufficient to state a claim that she acted with deliberate indifference to his serious medical needs, or that she personally participated in any constitutional violation or failed to prevent or stop any ongoing constitutional violation.

/////

1    The Civil Rights Act under which this action was filed provides as follows:

2    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
3    deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
4    law, suit in equity, or other proper proceeding for redress.

5  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

6  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

7  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

9  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

10 omits to perform an act which he is legally required to do that causes the deprivation of which

11 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12    Defendant is correct that prison inmates possess no due process right to a specific

13 prison grievance procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); see also

14 Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). That principle, however, is inapplicable to

15 the matter at bar. Defendant also cites a number of cases, primarily from the United States Court

16 of Appeals for the Seventh Circuit, for the proposition that liability cannot be imposed on a

17 prison official solely based on the act of reviewing and denying a prison grievance. That

18 proposition is readily distinguishable from the claim at bar.

19    Here, plaintiff's claim is that defendant Swingle violated his rights under the

20 Eighth Amendment by refusing to provide him with adequate diagnostic procedures and

21 treatment for several medical conditions from which he suffers. Whether defendant Swingle

22 participated in the alleged Eighth Amendment violation through denying a prison grievance by

23 which plaintiff was seeking adequate medical care by refusing to provide adequate diagnoses and

24 care during a medical visit is immaterial: the point is that plaintiff's claim against defendant

25 Swingle is that she violated his rights under the Eighth Amendment by participating in the

26 /////

alleged failure to provide him with adequate diagnostic procedures and medical treatment. That claim is cognizable in this § 1983 action.

Defendant Swingle also contends that plaintiff's allegations are insufficient to state a cognizable Eighth Amendment claim concerning the lack of out of cell exercise because (1) there are no allegations that she instituted the prison lockdown or was able to stop it; and (2) defendant Swingle told plaintiff that he could exercise in his cell and that would be adequate for his health. The court does not construe the allegations of the first amended complaint as including defendant Swingle in the claim arising from lack of outdoor exercise. Defendant Swingle should not be required to answer this claim.

Defendant Swingle also contends that the first amended complaint does not state a claim against her for violation of plaintiff's Eighth Amendment right to freedom from deliberate indifference to his serious medical needs. Specifically, defendant Swingle contends that the subject matter of the grievance to which she responded concerned events that had already occurred and there was no ongoing constitutional violation for her to prevent. Defendant Swingle reads the allegations of the first amended complaint, and plaintiff's prison grievance, too narrowly. Both the grievance and the amended complaint allege lack of adequate diagnosis and treatment of ongoing medical conditions. Defendant Swingle's motion to dismiss this claim should be denied.

For the foregoing reasons, defendant Swingle's motion to dismiss should be denied.

On February 1, 2012, defendants filed a request to extend the time for discovery and for filing dispositive motions in this action. In light of the recommendation contained herein, and good cause appearing, the request will be granted. The deadlines set in the August 31, 2011 discovery and scheduling order will be vacated and will be reset, as appropriate, following the district court's consideration of the instant findings and recommendations and resolution of defendant Swingle's motion to dismiss.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' February 1, 2012 request to vacate the deadlines set in the discovery and scheduling order filed August 31, 2011 is granted;

2. The deadlines set for completion of discovery and filing of pretrial motions are vacated and will be reset, as appropriate, by further order of the court.

IT IS HEREBY RECOMMENDED that:

1. Defendant Swingle's April 13, 2011 motion to dismiss be denied; and

2. Defendant Swingle be directed to answer the first amended complaint within ten days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 7, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
rand0052.mtd2